UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| BENJAMIN MURRELL, | } |
| Plaintiff, | } |
| v. | } Case No.: 5:16-cv-01894-RDP-HNJ |
| IVAN PIVOVAROV, et al., | } |
| Defendants. | } |

# MEMORANDUM OPINION

On June 8, 2017, the Magistrate Judge's Report and Recommendation was entered and Plaintiff was allowed therein fourteen (14) days in which to file objections to the recommendations made by the Magistrate Judge. On June 22, 2017, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. After careful review of Plaintiff's Complaint and the Report and Recommendation, the court concludes that the Report and Recommendation is due to be adopted and this case is due to be dismissed without prejudice for failure to state a claim upon which relief can be granted.

## I. The Complaint's Factual Allegations[1]

According to Plaintiff, he began to experience mild to moderate back pain and numbness in his left arm during 2013. (Doc. # 1 at 8). Prison officials at Limestone Correctional Facility informed Plaintiff in December 2013 that x-rays showed a bulging disc in his upper spine. (*Id.*). Plaintiff received non-narcotic pain medication for the back condition in 2014. (*Id.*). His back pain worsened during 2014, and he was prescribed Altram in November or December 2014. (*Id.* at 9).

---

[1] In deciding whether a complaint states a claim for relief, the court accepts the factual allegations in the complaint as true. *Mays v. U.S. Postal Serv.*, 928 F. Supp. 1552, 1557-58 (M.D. Ala. 1996).

Dr. Stone, an on-site physician at Limestone, ordered a magnetic resonance imaging ("MRI") scan on Plaintiff's upper spine and left shoulder. (*Id.*). In March 2015, Dr. Stone advised Plaintiff that the MRI revealed "a pinched nerve in three different places" that would require surgery. (*Id.*). Dr. Stone recommended referring Plaintiff to an off-site specialist "for possible surgery based on the MRI and her examinations." (*Id.*). Defendant Dr. Hugh Hood, an associate regional medical director for Corizon Health, Inc., possessed the authority to approve or deny referrals of prisoners to off-site specialists. (*Id.* at 7). Plaintiff received a prescription for Altram, but that prescription expired 30 days after the March 2015 examination. (*Id.* at 9).

Plaintiff filed a grievance in late April 2015 that reported the expired pain medication prescription and inquired about an off-site referral. (*Id.* at 9-10). Prison officials responded that his request for pain medication was noted and that the request for an off-site referral had been denied. (*Id.* at 10). They also informed Plaintiff that he would be scheduled for another on-site examination. (*Id.*).

Defendant Dr. Ivan Pivovarov examined Plaintiff on June 1, 2015. (*Id.*). Dr. Pivovarov directed Plaintiff to tilt forward while he moved Plaintiff's head from side to side. (*Id.*). Plaintiff claims he was already experiencing severe pain and "advised Dr. Pivovarov that his pain was too severe for him [to] continue that method." (*Id.*). Dr. Pivovarov responded "that there [was] nothing wrong with his upper spine, that he was alright, and that he was not going to be prescribed any pain medication." (*Id.*). Dr. Pivovarov also declined to recommend a referral to an outside specialist. (*Id.*). "At that point, Plaintiff was advised by Dr. Pivovarov [ ] that he was finished and that Plaintiff could leave." (*Id.*).

On June 3, 2015, Plaintiff allegedly submitted an appeal to his grievance after Dr. Pivovarov's examination. (*Id.* at 15). Plaintiff informed prison officials that he was suffering

2

from severe pain and that he had been denied pain medication. (*Id.*). Prison officials responded on June 4, noting that Plaintiff "had been seen multiple times for his chronic back pain by nurse practitioners and on-site physicians" and that the on-site personnel were managing his condition. (*Id.*). Officials also advised Plaintiff that (a) surgery had been deemed unnecessary at the time, and (b) Dr. Pivovarov was treating his back pain in accordance with his medical judgment. (*Id.*). A nurse practitioner examined Plaintiff in May 2016 and prescribed him pain medication. (*Id.* at 11). A prison doctor then referred Plaintiff to a spinal specialist for surgery in July or August 2016. (*Id.* at 11-12). The specialist, Dr. Freudenberger, informed Plaintiff that surgery would be needed to resolve the pinched nerve identified in the reports from the 2015 MRI. (*Id.* at 12). Plaintiff underwent a second MRI scan in September 2016, and that MRI revealed additional degeneration and compression on the pinched nerve. (*Id.*). Plaintiff received surgery on the pinched nerve in September 2016. (*Id.*). But, he continued to suffer upper spine pain, lower neck pain, and numbness in his left hand following his surgery. (*Id.* at 13). Plaintiff attributes these continuing symptoms to the delay in the corrective surgery. (*Id.*).

## II. Standard of Review

When a party files timely objections to a Magistrate Judge's Report and Recommendation, the court reviews the objected-to portions *de novo*. 28 U.S.C. § 636(b).

## III. Analysis

### A. Plaintiff's Deliberate Indifference Claim Against Defendant Dr. Hood

The Magistrate Judge has recommended dismissing the 42 U.S.C. § 1983 claim against Defendant Dr. Hood because Dr. Hood exercised his independent medical judgment when considering another physician's recommendation to refer Plaintiff to a specialist for surgery. (Doc. # 9 at 8-9). Plaintiff responds that Dr. Hood's conduct should not be considered a medical

disagreement because Dr. Hood never examined Plaintiff or monitored his medical condition. (Doc. # 10 at 2).

The court agrees with the Magistrate Judge that Plaintiff has failed to state a claim for relief against Defendant Hood. This is so because a prison doctor's decision to refer a patient to an outside specialist for further evaluation and possible surgery is a matter of medical judgment, "and a difference of opinion as to the proper course of medical treatment, standing alone, does not constitute deliberate indifference within the meaning of the Eighth Amendment." *Tucker v. Busbee*, 619 F. App'x 868, 871 (11th Cir. 2015). Moreover, Plaintiff's allegations reveal that Dr. Hood's denial of a referral did not prevent Plaintiff from receiving on-site medical care for his back condition. (Doc. # 1 at 9-10). *See also Tucker*, 619 F. App'x at 871 (concluding that the plaintiff had failed to state a deliberate indifference claim against a doctor, in part because the plaintiff had not alleged that the defendant failed to provide him with "routine medical care that [the defendant] was capable of providing"). Plaintiff's complaint indicates that prison officials scheduled another medical examination by Defendant Dr. Pivovarov after Dr. Hood denied a referral to an outside physician. (Doc. # 1 at 9-10). Simply put, Plaintiff's deliberate indifference claim against Dr. Hood rests on a disagreement about Dr. Hood's exercise of medical judgment, and, thus, fails to allege a deliberate indifference claim against him. *Cf. Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (explaining that matters of medical judgment are not appropriate grounds for deliberate indifference claims), *abrogated in part on other grounds by Richardson v. Knight*, 521 U.S. 399 (1997).

### B. Plaintiff's Deliberate Indifference Claim Against Defendant Dr. Pivovarov

The Magistrate Judge has also recommended dismissing Plaintiff's claim against Dr. Pivovarov. (Doc. # 9 at 10-11). According to the Magistrate Judge, Plaintiff's deliberate indifference claim rests upon his personal disagreements with Dr. Pivovarov's professional judgments and his claims that Dr. Pivovarov should have used different or additional diagnostic techniques. (*Id.*). In his objections, Plaintiff responds that his claim against Dr. Pivovarov "involves a failure to treat plaintiff's pain at all and leaving him to suffer severe pain without any pain medication at all." (Doc. # 10 at 4). Plaintiff supports his allegations of deliberate indifference by recounting Dr. Pivovarov's alleged dismissive statements to him during the examination. (*Id.* at 5). After careful review, the court agrees with the Magistrate Judge that this claim should be dismissed.

Plaintiff's own factual allegations belie any argument that Dr. Pivovarov acted for any reason other than his medical judgment. By Plaintiff's own account, Dr. Pivovarov concluded that Plaintiff had no spine problems after a medical evaluation, albeit a medical evaluation to which Plaintiff objected. (Doc. # 1 at 10). Even if Dr. Pivovarov's failure to observe Plaintiff's serious back condition could be categorized as gross negligence, the alleged facts about the examination do not demonstrate any reckless or intentional conduct to support a deliberate indifference claim. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994) (explaining that reckless disregard towards a substantial risk of harm constitutes deliberate indifference). Moreover, prison officials expressly informed Plaintiff that Dr. Pivovarov was treating his back condition in accordance with his medical judgment. (Doc. # 1 at 15). Plaintiff highlights Dr. Pivovarov's statements made to him, but at most those statements indicate a lack of bedside manner. They do not undermine a finding that Dr. Pivovarov exercised his medical judgment in a manner in which

5

Plaintiff disagrees. For these reasons, the court agrees with the Magistrate Judge that Plaintiff's complaint fails to state a plausible deliberate indifference claim against Dr. Pivovarov.

C. **Plaintiff is Not Entitled to Leave to Amend His Complaint**

The court has reviewed Plaintiff's complaint and finds that the complaint presents a comprehensive history of the medical consultations and treatments Plaintiff received for his back condition. Given the detailed allegations about the medical care Plaintiff received, the court finds that granting Plaintiff leave to amend the complaint would be futile because the complaint's allegations reveal that Defendants were not deliberately indifferent towards Plaintiff's back condition. *Cf. Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (noting that a court may choose to not allow amendment of a complaint when it would be futile).

IV. **Conclusion**

After careful consideration of the record in this case, the Magistrate Judge's Report and Recommendation, and Petitioner's objections thereto, the court concludes that the Report of the Magistrate Judge is due to be adopted. The court further concludes that the recommendation of the Magistrate Judge that this action be dismissed without prejudice for failure to state a claim upon which relief can be granted is due to be accepted. A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this June 27, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE